UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 2, 2006[*]
Decided November 8, 2006

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

No. 06-1810

LARRY E. GEORGE,
    *Petitioner-Appellant*,

    *v.*

MARK A. BEZY, Warden, United States
Penitentiary, Terre Haute, Indiana,
    *Respondent-Appellee*.

Appeal from the United
States District Court for the
Southern District of Indi-
ana, Terre Haute Division.

No. 2:05-cv-168-RLY-WGH
Richard L. Young, *Judge*.

## Order

Larry George, who is in federal prison for bank robbery, contends in this action under 28 U.S.C. §2241 that his sentence has expired and that he is entitled to release. The sentence has expired, according to George, because the Bureau of Prisons misunderstood its relation to a state sentence for aggravated assault. George insists that the two sentences should have been treated as concurrent; if that is so, then the federal sentence has been served.

The district court denied George's petition in July 2005, and he did not appeal. Seven months later George filed a motion for relief under Fed. R. Civ. P. 60(b), and he has appealed from the order denying that motion. His brief treats a Rule 60(b)

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

motion as a means of obtaining belated appellate review of the original order. It is not. The order of July 2005 is no longer open to appeal; the only order before us is that of March 2006 denying the post-judgment motion. And only extraordinary circumstances justify relief under Rule 60(b). See, e.g., *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2650–51 (2005). George does not contend that such circumstances exist. He has offered some new arguments, but they come too late.

George maintains that there is "newly discovered evidence," but what he calls "newly discovered" are events that occurred before the §2241 proceeding got under way. His argument is that the state court did not acquire personal jurisdiction through a properly issued writ of *habeas corpus ad prosequendum*. Whether such a writ was issued is something that George could have found out long ago, had he made diligent inquiry. It turns out at all events that the premise of the Rule 60(b) motion is false. George attached to his brief a copy of the supposedly nonexistent writ. The district judge did not abuse his discretion in declining to reconsider the decision of July 2005.

AFFIRMED